IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| TP GROUP-CI, INC, <br> Plaintiff, | ) <br> ) <br> ) | Case No. _____ |
| v. | ) <br> ) | |
| IVAN VETECNIK, <br> Defendant. | ) <br> ) <br> ) | |

## MOTION FOR A PRELIMINARY INJUNCTION

Plaintiff TP Group-CI, Inc. ("TP Group"), by and through its attorneys, respectfully moves this Court, pursuant to Rule 65 of the Federal Rules of Civil Procedure, to issue a preliminary injunction against Ivan Vetecnik ("Vetecnik" or "Defendant"), a former employee of Clinical Innovations, LLC ("CI"), a medical device company wholly owned by Plaintiff. Plaintiff seeks limited injunctive relief against Vetecnik, as outlined below, to prevent Vetecnik from causing irreparable harm to Plaintiff by (i) unlawfully using and/or disclosing Plaintiff's and CI's confidential, proprietary, and/or trade secret information and (ii) competing, or assisting others to compete, with CI. As set forth further below, in blatant disregard of his contractual obligations, Vetecnik has jeopardized CI's business, and his unlawful conduct, which only recently came to light, must be promptly stopped.

In support of this Motion,[1] Plaintiff states as follows:

1.      Accompanying this Motion, Plaintiff is filing its Complaint for Injunctive and Other Relief (the "Complaint") against Vetecnik. Plaintiff has filed its Complaint as expeditiously as possible after discovering Vetecnik's violation of multiple valid agreements he

---

[1] As discussed below, because Plaintiff seeks expedited discovery, it proposes a briefing schedule that will commence after discovery is completed. Plaintiff, therefore, has not presently submitted a memorandum of law in support of the Motion.

1

entered into with Plaintiff, including non-compete, confidentiality, and corporate opportunity agreements (collectively, the "Agreements").

2. As outlined in the Complaint, Vetecnik entered into the Agreements in connection with a Stock Option Agreement with Plaintiff. As a longtime and important engineer of CI with extensive experience with and know-how of CI's products and manufacturing processes, Vetecnik agreed (for substantial consideration in the form of stock options) not to compete with CI during his employment and for a period of two years thereafter.[2] Vetecnik also agreed to maintain the confidentiality of Plaintiff's and CI's proprietary information and trade secrets.

3. It recently came to light that, in direct violation of these Agreements, Vetecnik has been engaging—for years—in corporate espionage to improperly steal, and assist others to steal, business, customers, and confidential information and trade secrets from CI. A recent investigation conducted by Plaintiff has uncovered abundant evidence of Vetecnik's wrongdoing and revealed the fact that Vetecnik was being paid tens of thousands of dollars by a former CI executive, himself bound by non-compete and confidentiality agreements with Plaintiff, to steal CI's information and build machines (using CI's facilities, equipment, and materials) for the former executive's use. Further evidence shows that such executive, using the assistance provided by Vetecnik, is preparing to sell and manufacture variations of CI's products.

4. As detailed in the Complaint and below, Vetecnik's actions threaten the viability of CI's business and its confidential information. As a result, Plaintiff seeks to enforce Vetecnik's contractual obligations. Plaintiff also seeks to recover the confidential and/or trade secret information and property that Vetecnik wrongfully obtained from CI and that Vetecnik, acting in concert with others, has been using to assist the building of a competing enterprise.

---

[2] The parties further agreed that the non-competition period would be tolled in the event Vetecnik breached the terms of such agreement, until such time as such breach was duly cured.

5.  Although Plaintiff's investigation is ongoing, Plaintiff already has uncovered egregious conduct based on documentary evidence and potential witness testimony as outlined in the Complaint. The Complaint demonstrates that Plaintiff is entitled to a preliminary injunction because (a) it has a likelihood of success on the merits; (b) it has and will continue to suffer irreparable harm if Vetecnik's actions are not enjoined; (c) the grant of a preliminary injunction will not result in even greater harm to Vetecnik; and (d) the public interest favors such relief. Further, at the time of entering into the Agreements, the parties agreed that irreparable harm would result from breaches of the Agreements, and further agreed that specific performance and injunctive relief would be the necessary remedies in the event of such breaches.

6.  Therefore, for the reasons set forth in the Complaint, to hold Vetecnik to his promises and to prevent irreparable harm to Plaintiff, Plaintiff respectfully requests this Court to grant this Motion and enter the Proposed Order, attached hereto as <u>Exhibit A</u>, granting the following specific relief:

   a) An order preliminarily enjoining Vetecnik from using in any manner whatsoever all information, data, files, and other property, including all patents and patent applications, inventions, innovations, improvements, developments, methods, designs, analyses, reports, trade secrets, confidential information, and know-how that were conceived, reduced to practice, developed or made using any of the equipment, supplies, facilities, assets or resources of Plaintiff or CI;

   b) An order preliminarily enjoining Vetecnik from further breaching the terms of the non-competition agreement, including by engaging, directly or indirectly,

   > directly or indirectly in the Business or any other business competing with the businesses of CI or any of its Subsidiaries, as such businesses are conducted or are proposed to be conducted during the Employment Period anywhere in the world. . . . For the purposes hereof, "Business"

3

>means the business conducted by CI or its subsidiaries from January 10, 2011 through June 14, 2016, which shall include the design and manufacture of medical devices used in the fields of women's and infant's health, urology and gastroenterology;[3]

c) An order preliminarily enjoining Vetecnik from further breaching the terms of the confidentiality agreement, including by disclosing to any unauthorized person, using, acquiring, or attempting to acquire any Confidential Information or trade secrets that belongs to CI and/or Plaintiff, including but not limited to information that was obtained, disclosed, or used in breach of the Agreements. In accordance with the parties' confidentiality agreement:

>Confidential Information will be interpreted as broadly as possible to include all confidential information of any sort (whether merely remembered or embodied in a tangible or intangible form) that is related to the Company's or its Subsidiaries' or Affiliates' current or planned business, or their predecessors' or assignors' businesses. Confidential Information includes, without specific limitation, the confidential information, observations and data obtained by you during the course of your performance under this Agreement . . . concerning the business and affairs of the Company and its Subsidiaries and Affiliates and their predecessors and assignors, information concerning acquisition opportunities in or reasonably related to the Company's or its Subsidiaries' or Affiliates' business or industry, the Persons that are current, former or prospective suppliers, customers, distributors, sales representatives, manufacturers, referral sources, end-users or independent contractors of any one or more of them, as well as development, transition and transformation plans, methodologies and methods of doing business, strategic, marketing and expansion plans, including plans or lists regarding planned and potential sales or acquisitions, financial and business plans, employee lists and telephone numbers, locations of sales representatives, new and existing programs and services, prices and terms, customer service, integration processes, requirements and costs of providing service, support and equipment;[4]

---

[3] The language in this sub-section tracks the non-competition agreement at issue in this case. (*See* Complaint, Ex. E at Section 10 & Definition of "Business".)

[4] The language in this sub-section tracks the definition of Confidential Information at issue in this case. (*See* Complaint Ex. E at Section 9(a).)

d) An order preliminarily enjoining Vetecnik from marketing, selling, or attempting to market or sell, any product, material, concept, or manufacturing process or service obtained or derived, in whole or in part, as a byproduct of his various breaches of his Agreements with Plaintiff;

e) An order mandating that, subject to paragraph (a) above, Vetecnik preserve all documents (including electronically stored information), devices, equipment, and materials, in whatever form, that are or could be relevant to the allegations of the Complaint, and prohibiting Vetecnik from altering, destroying, or deleting any such documents, devices, equipment and materials;

f) An order providing that the provisional injunctive relief set forth in this paragraph will take effect upon the entry of the Court's Order and shall remain in effect until a final judgment is entered by the Court in this action; and

g) Such other relief as this Court deems just and proper.

7. Plaintiff has not yet submitted a memorandum of law in support of this Motion; rather, due to the covert nature of Vetecnik's misconduct and Plaintiff's lack of access to records or internal documents relating to Vetecnik's competitive enterprise, Plaintiff concurrently filed a Motion for Expedited Discovery to allow Plaintiff to gather targeted, but necessary, information regarding the scope of Vetecnik's misconduct. As outlined in the Memorandum of Law in Support of Plaintiff's Motion for Expedited Discovery, the expedited discovery Plaintiff seeks will help the Court better evaluate the merits of Plaintiff's claims and properly tailor any injunctive relief it orders to ensure Plaintiff's rights can be protected.

8. For the sake of judicial efficiency, and in the interests of justice, because the parties will complete such expedited discovery before Plaintiff can fully brief its position in

5

support of this Motion and the injunctive relief it seeks, Plaintiff proposes the below schedule, which is also set forth in Plaintiff's Proposed Scheduling Order attached hereto as <u>Exhibit B</u>. Plaintiff also respectfully requests an evidentiary hearing on this matter pursuant to the below proposed schedule:

| EVENT | DEADLINE |
|---|---|
| Parties to Serve Expedited Requests for Production (No More Than 5 Requests) | July 27, 2016 |
| Parties to Produce Responsive Documents | August 10, 2016 |
| Plaintiff's Opening Brief in Support of Motion for Preliminary Injunction Due | August 16, 2016 |
| Defendant's Response Briefs Due | August 23, 2016 |
| Plaintiff's Reply Brief Due | August 26, 2016 |
| Preliminary Injunction Hearing | August [___], 2016 |

9.  Alternatively, if the Court denies Plaintiff's Motion for Expedited Discovery and wishes to proceed immediately with briefing, Plaintiff requests leave to file a memorandum of law in support of this Motion on or before July 29, 2016.

Dated: July 22, 2016

/s/ Jody C. Barillare
Colm F. Connolly (#3151)
Jody C. Barillare (#5107)
**MORGAN, LEWIS & BOCKIUS LLP**
1007 N. Orange Street, Suite 501
Wilmington, Delaware 19801
Telephone: (302) 574-3000
Facsimile: (302) 574-3001

OF COUNSEL:
Daniel D. Rubinstein
William C. O'Neil
Michael A. Skokna

**WINSTON & STRAWN, LLP**
35 West Wacker Drive
Chicago, Illinois 60601
Telephone: (312) 558-5600
Facsimile: (312) 558-5700

*Attorneys for Plaintiff TP Group-CI, Inc.*