IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| TP GROUP-CI, INC. ) | |
|     Plaintiff, ) | |
| ) | Case No. _____ |
|     v. ) | |
| ) | |
| IVAN VETECNIK, ) | |
|     Defendant. ) | |

**MEMORANDUM OF LAW IN SUPPORT OF**
**PLAINTIFF'S MOTION FOR EXPEDITED DISCOVERY**

Plaintiff TP Group-CI, Inc. ("TP Group"), by and through its attorneys and pursuant to Fed. R. Civ. P. 26(d)(1), respectfully requests that this Court enter an Order granting it leave to immediately serve discovery on Defendant Vetecnik ("Vetecnik") prior to a Rule 26(f) conference. This expedited discovery will be part of the expedited schedule as proposed in Plaintiff's accompanying Motion for Preliminary Injunction. In support of its Motion for Expedited Discovery ("Motion"), TP Group submits the following Memorandum of Law:

## I.    FACTUAL BACKGROUND

Accompanying this Motion, Plaintiff filed a Complaint asserting three breach of contract claims and seeking injunctive relief against Vetecnik. (Compl. ¶¶ 69-89.) As stated therein, Vetecnik worked as an engineer at TP Group's medical device company, Clinical Innovations ("CI"), for approximately 15 years. (*Id.* ¶ 24.) During the course of his employment at CI, Vetecnik entered into a stock purchase agreement with TP Group, under which he covenanted not to compete with CI, not to divert corporate opportunities from CI, and not to disclose or use CI's confidential information and trade secrets. (*Id.* ¶¶ 30-40.)

On June 10, 2016, a CI employee discovered on Vetecnik's desk confidential information and drawings of CI's catheter products, which were unrelated to Vetecnik's then-current job

responsibilities at CI. (*Id.* ¶ 56.) Plaintiff began an emergency internal investigation to discover the breadth of Vetecnik's misconduct. (*Id.* ¶ 63.) CI terminated Vetecnik on June 14, 2016. (*Id.* ¶ 61.)

The investigation uncovered evidence that former CI owner and executive Steven R. Smith ("Smith") – who is subject to his own non-compete and confidentiality agreements with Plaintiff – paid Vetecnik thousands of dollars to secretly misappropriate CI's confidential information and to build numerous catheter-manufacturing machines for Smith's use. (*Id.* ¶ 43.) Vetecnik built these machines secretly at CI, primarily on nights and weekends, and utilizing CI equipment and resources. (*Id.* ¶ 62.) The machines Vetecnik built for Smith incorporated confidential and proprietary techniques and processes developed by CI and which help provide CI with a competitive advantage. (*Id.* ¶ 43.) Smith has used the confidential information provided by Vetecnik and the machines built by Vetecnik to build a business that will compete with catheter products that CI owns, sells or manufactures. (*Id.*) In addition to his under-the-table work with Smith, Vetecnik performed (and was paid for) unauthorized work for multiple other companies while working for CI for many years. (*Id.* ¶ 55.)

Through the investigation of CI, TP Group gathered evidence to support the claims asserted against Vetecnik in this litigation. As set forth in Plaintiff's Motion for Preliminary Injunction, filed concurrently with the instant motion, TP Group seeks to enjoin Vetecnik from competing with CI and from further using or disclosing CI's confidential and proprietary information to develop competing catheter products. However, the record gathered to date is limited to information that TP Group compiled through its own investigation and is based on the limited records and potential witnesses to which it has access. Thus, TP Group respectfully requests that this Court grant its request for expedited discovery, which would provide the Court

a more complete record upon which to consider the preliminary injunction currently pending before it.

## II. LEGAL STANDARD

This Court has discretion to grant a request for expedited discovery because Rule 26 gives courts broad powers to determine the timing and sequence of discovery. *See Crawford-El v. Britton*, 523 U.S. 574, 598 (1998) ("Rule 26 vests the trial judge with broad discretion to tailor discovery narrowly and to dictate the sequence of discovery."). In fact, Rule 26(d)(1) states that "[a] party may not seek discovery from any source before the parties have conferred as required by Rule 26(f), ***except . . . when authorized . . . by court order***." Fed. R. Civ. P. 26(d)(1) (emphasis added).

Because TP Group seeks expedited discovery to prepare for this Court's future hearing on its Motion for Preliminary Injunction, the "reasonableness standard" should apply. *See Kone Corp. v. ThyssenKrupp USA, Inc.*, 2011 WL 4478477, at *6 (D. Del. Sept. 26, 2011) (employing the reasonableness standard because other "analysis is circular and ineffective when the request relates to an underlying preliminary injunction motion"); *BAE Sys. Aircraft Controls, Inc. v. Eclipse Aviation Corp.*, 224 F.R.D. 581, 587 (D. Del. 2004) (finding the reasonableness test failed because there was no preliminary injunction hearing to prepare for); *Barbieri v. Wlls Fargo & Co.*, 2012 WL 3089373, at *3 (E.D. Pa. July 27, 2012) ("[C]ourts in the Third Circuit generally follow [the] 'good cause' or 'reasonableness' standard.").

Expedited discovery is appropriate upon a showing of good cause for the request, "such that the request is reasonable in light of the relevant circumstances." *Kone*, 2011 WL 4478477, at *4. "This standard requires the court to consider whether the plaintiff's need for expedited discovery, in consideration of the administration of justice, outweighs the possible prejudice or hardship to the defendant." *Samuel, Son & Co. v. Beach*, 2013 WL 4855325, at *3 (W.D. Pa.

Sept. 11, 2013). "Under this reasonableness standard, the court must weigh the need for discovery at an early juncture in the litigation against the breadth of the discovery requests and the prejudice to the responding party, by considering such factors as (1) the timing and context of the discovery requests, including whether a preliminary injunction hearing has been scheduled; (2) the scope and purpose of the requests; and (3) the nature of the burden on the respondent." *Kone*, 2011 WL 4478477, at *4.

### III. ARGUMENT

In this case, there is good cause for this Court to order expedited discovery because the reasonableness factors favor granting TP Group's Motion.

*First*, using their discretion, courts routinely grant expedited discovery if the purpose of the discovery "is to gather evidence for an upcoming preliminary injunction hearing." *BAE*, 224 F.R.D. at 587; *see also Ellsworth Assocs., Inc. v. United States*, 917 F. Supp. 841, 844 (D.D.C. 1996) (granting motion for expedited discovery and noting that "[e]xpedited discovery is particularly appropriate when a plaintiff seeks injunctive relief because of the expedited nature of injunctive proceedings"). Although TP Group seeks discovery from Vetecnik early in this litigation, TP Group seeks limited information (only two requests for production) that is necessary to support its pending Motion for Preliminary Injunction. Thus, expedited discovery is appropriate.

*Second*, the discovery sought by TP Group is narrowly targeted to ascertain facts specifically germane to the claims at issue in this litigation and, in particular, to its pending Motion for a Preliminary Injunction. For example, TP Group only seeks leave to issue two documents request which seek information specifically related to Vetecnik's communications with Smith about catheters and documents containing information about CI's catheter products.

4

TBecause TP Group's "discovery requests are narrowly tailored to fit the issues raised in the preliminary injunction, expedited discovery should be granted." *BAE*, 224 F.R.D. at 587. Furthermore, expedited discovery is appropriate "when sought in connection with [a] pending motion for a preliminary injunction" because it "help[s] . . . ensure a clear and focused factual record" for the court. *Kone*, 2011 WL 4478477, at *7; *see also Phila. Newspapers, Inc. v. Gannett Satellite Info. Network, Inc.*, 1998 WL 404820, at *2 (E.D. Pa. July 15, 1998) ("Expedited discovery has been ordered where it would better enable the court to judge the parties' interests and respective chances for success on the merits at a preliminary injunction hearing."). Expedited discovery is likewise appropriate in this case because the information sought via TP Group's limited and tailored requests would provide the Court a more complete record upon which to consider TP Group's Motion for Preliminary Injunction.

***Third***, TP Group's discovery requests will not impose an undue burden on Vetecnik. For example, in *Commissariat A L'Energie Atomique v. Dell Computer Corp.*, the court granted plaintiff's motion for expedited discovery and found that plaintiff's three interrogatories, eight document requests, and two deposition notices were not "unduly prejudic[ial]" because the requests were "appropriately tailored to the issues raised by the P.I. Motion and [defendant's] response." 2004 WL 406351, at *1 (D. Del. Mar. 3, 2004). Here, TP Group is not seeking leave to issue any interrogatories or depositions notices and only wishes to issue two document requests. These requests are appropriately tailored to the issues of whether Vetecnik breached his contract by, for example, disclosing CI's confidential information and trade secrets to Smith and/or by working with Smith to develop catheter products to compete with those manufactured and sold by CI. (*See* Exhibit B to the Motion for Expedited Discovery.) Just as in *Commissariat*, expedited discovery in this case will not unduly burden or prejudice Vetecnik.

## IV.  CONCLUSION

For the foregoing reasons, TP Group respectfully requests that this Court grant its Motion for expedited discovery and enter an order allowing TP Group to serve its discovery requests to be answered within fourteen (14) days.

Date: July 22, 2016

/s/ Jody C. Barillare
Colm F. Connolly (#3151)
Jody C. Barillare (#5107)
**MORGAN, LEWIS & BOCKIUS LLP**
1007 N. Orange Street, Suite 501
Wilmington, Delaware 19801
Telephone: (302) 574-3000
Facsimile: (302) 574-3001

OF COUNSEL:
Daniel D. Rubinstein
William C. O'Neil
Michael A. Skokna
**WINSTON & STRAWN, LLP**
35 West Wacker Drive
Chicago, Illinois 60601
Telephone: (312) 558-5600
Facsimile: (312) 558-5700

*Attorneys for Plaintiff TP Group-CI, Inc.*